```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


LINZY LAMAR JONES,                  :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :    CIVIL ACTION 11-0279-M
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of Social Security,    :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21).  Oral argument was waived in this action (Doc. 23).  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twenty-three years old, had completed a high school education (Tr. 27), and had previous work experience as a lumber worker (Tr. 38-39). In claiming benefits, Plaintiff alleges disability due to asthma and depression (Doc. 13).

The Plaintiff filed protective applications for disability insurance benefits and SSI on July 9, 2008 (Tr. 99-103; *see* Tr. 9). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Jones could not perform his past relevant work, there were specific jobs in the medium work category which he could perform

2

(Tr. 9-19).  Plaintiff requested review of the hearing decision (Tr. 5) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Jones alleges that:  (1) The ALJ improperly found that he is capable of performing medium work; and (2) he cannot perform sustained work activities in an ordinary work setting (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 18).

The Court notes that Plaintiff relies only on the medical evaluations of Dr. Freij and Psychologist Popkin in making his claims (Doc. 13).  The Court will review those records herein.

Dr. Walid W. Freij, a consultative physician, examined Jones on February 15, 2007 (Tr. 158-60).  Freij first noted that Plaintiff was in no acute distress and that there was no wheezing in the lungs; there was no limitation in the cervical, thoracolumbar, or lumbosacral spine.  Jones had full motor power; deep tendon reflexes were only 2/5.  Dr. Freij's assessment was asthma, saying that it was "rather severe based on the history where patient has to use [a] nebulizer twice a day sometimes" (Tr. 159).  The Doctor's additional comments were as follows:

> Based on above history and physical

3

>examination, patient should avoid jobs that
>will expose him to too much dust, fumes, and
>smells.  He also should avoid jobs that
>require him to strain himself continuously.
>He would be able to sit.  Standing can also
>be done.  Walking can be done, but not for a
>prolonged period of time.  He is able to
>carry and lift, but this should not be done
>excessively since that can exacerbate his
>asthma.  The patient will be able to hold
>objects, manipulate objects.  He is able to
>hear, speak, and travel.  Patient will need
>to be treated for his asthma properly.  He
>is using the nebulizer from his mom, and is
>really not being prescribed any medications
>from any physician.  He will need to be on
>medications that he can use chronically to
>prevent these asthmatic attacks.

(Tr. 160).

On September 30, 2008, Samuel J. Popkin, a non-examining Social Security Psychologist, completed a mental residual functional capacity (hereinafter *RFC*) assessment in which he found that Jones had no marked limitations, but was moderately limited in his ability to do the following:  understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being

distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others (Tr. 243-44). Popkin also opined that Plaintiff "may be expected to miss 1 or 2 days of work per month due to exacerbation of psychiatric symptoms" (Tr. 245).

In his decision, the ALJ reached the following conclusion:

> I find that the claimant has the residual functional capacity to perform medium work as defined in C.F.R. 404.1567(c) and 416.967(c). Specifically, the claimant is able to lift or carry up to 25 pounds frequently and 50 pounds occasionally; stand or walk up to 6 hours in an 8 hour day; sit up to 6 hours in an 8 hour day; frequently climb ramps or stairs; no climbing ladders, ropes or scaffolding; frequently balance, kneel, crouch, crawl and stoop. No manipulative or visual limitations. Avoid concentrated exposure to temperature

>      extremes, dust, humidity, wetness, fumes,
>      odors, chemicals and gases; avoid all
>      exposure to hazardous machinery and
>      unprotected heights; unlimited exposure to
>      noise and vibration.  Communicative
>      limitations are the ability to understand,
>      remember and carry out simple one and two
>      step instructions; and the ability to use
>      judgment in simple, one or two step work
>      related decisions; the claimant has moderate
>      limitations in his ability to respond
>      appropriately to customers or the general
>      public, supervision, coworkers and customary
>      work pressures; moderate limitations in
>      using judgment in detailed or complex work
>      related decisions; understanding,
>      remembering or carrying out detailed or
>      complex instructions and moderate
>      limitations in maintaining attention;
>      concentration or pace for periods of at
>      least 2 hours.

(Tr. 13).  In reaching this decision, the ALJ found that Jones did have some symptoms and limitations, but not to the extent alleged (Tr. 14).[1]  He went on to find that Plaintiff's "treating and examining physicians do not indicate the claimant's medical condition would preclude him from performing medium work activities, as described in the above residual functional capacity assessment" (Tr. 17).  More specifically, the ALJ gave "great weight to their diagnoses and opinions to the extent that they are not inconsistent with the functional limitations noted in the above residual functional capacity assessment" (*id.*).

The ALJ noted that Popkin's opinion deserved some weight, but not as not as much as the opinions of treating and examining medical sources (*id.*).

In bringing this action, Jones first asserts that the ALJ improperly found that he was capable of performing medium work (Doc. 13, pp. 4-7).  The Court notes that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work."  20 C.F.R. § 404.1567(c) (2011).  The Court finds that the Plaintiff's RFC, as found by the ALJ, is consistent with the regulations' definition of medium work.

Plaintiff has more specifically asserted, however, that the ALJ did not properly consider the limitations found by Dr. Freij.  Freij had indicated that Plaintiff should not have a job where he has to lift and carry things "excessively" and that he should not be required to walk for a "prolonged period of time" (Tr. 160).

The Court finds that these restrictions are less than clear, at best.  The Court notes that no physician other than Freij placed any physical restrictions on Jones.  Also, the

---

[1]The Court notes that Plaintiff did not challenge this finding.

7

doctor admits that his opinion is based on Plaintiff's subjective complaints (Tr. 160); the fact that no diagnostic tests or procedures were performed by Freij limits the value of the evaluation as well.  Finally, Jones's own testimony that he has been working part-time, unloading trucks and stocking shelves (Tr. 27-28), belies his claim that he is unable to perform work requiring the ability to lift and carry and walk on a sustained basis.  Plaintiff's claim that the ALJ did not properly consider his ability to perform medium work is not supported by the evidence of record.

Jones next claims that he cannot perform sustained work activities in an ordinary work setting (Doc. 13).  In asserting this claim, Plaintiff points to Psychologist Popkin's opinion that he "may be expected to miss 1 or 2 days of work per month due to exacerbation of psychiatric symptoms" (Doc. 13, p. 9; *cf.* Tr. 245).

As acknowledged by the ALJ, the opinion of a nonexamining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision."  *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).  No other medical evidence of record suggests this type

8

of limitation.  Even more telling, Plaintiff, by his own testimony, missed only three days, at most, in working part-time during the six months he claims to have been disabled (Tr. 28-29).  This claim is of no merit.

Jones has raised two different claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980),  and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 27th day of January, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
